## 36472. WILSON *v.* ROBERTS.

DECIDED FEBRUARY 4, 1957.

*Harris & Gower,* for plaintiff in error.

*A. A. Roberts, Scott Walters, Jr.,* contra.

NICHOLS, J. The defendant argues in support of his motion for new trial, based on the general grounds only, that the consideration for the contract of employment was to put him in possession of the slot machines, that this consideration is illegal in Georgia, and that therefore the contract of employment is against public policy and void.

The cases cited by the defendant, in support of his contentions, wherein recovery of or for merchandise sold to be used for an illegal purpose was sought, do not apply to the present case, nor has this court been able to discover any cases directly in point with the case sub judice.

The evidence adduced on the trial of the case was in sharp conflict, the defendant testifying in support of his contentions as set forth above, and the plaintiff testifying that the sole purpose of the contract of employment was not to put the defendant in possession of the slot machines, but that it was his intention to litigate a right that he felt, in his legal opinion, the defendant had under the Federal statutes in the Federal district court. There was also evidence that the United States Government had seized certain "slot machines" owned by the defendant, that in addition to the proceeding to condemn the machines there was also pending in the same Federal court an indictment against the defendant for possession of these machines in violation of certain of the Federal statutes, that an adjudication that the "slot machines" were not subject to being condemned by the Government in the condemnation case would do away with any chance of the Government getting a conviction on the indictment, and that as a result of the plaintiff's efforts in behalf of the defendant a judgment was taken which upheld the contention that the machines were not subject to being condemned by the Federal Government.

The defendant had had his property seized by the Federal Government, who, as it turned out, had no authority to seize and condemn such property. Even if the property is later adjudicated to be contraband in Georgia, or is contraband per se in Georgia, the defendant had a right to protest this action by the Government, and if he had a right to protest this action by the Government (the illegal seizure of his property), he was entitled to employ counsel to represent him, and if he is entitled to counsel in an action he is bound to pay for the services admittedly contracted for by him.

Although there was a conflict in the evidence as to the terms of the contract between the plaintiff and the defendant the evidence authorized the judgment of the trial court for the plaintiff, and the trial court did not err in denying the defendant's motion for new trial based on the general grounds only.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*